**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Jose Alvarado,

           Plaintiff,

  v.

Law Enforcement Today, LLC,

           Defendant.

_____/

Case No:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Jose Alvarado ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against Defendant Law Enforcement Today, LLC ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement and the violation of the DMCA for the removal of copyright management information.

2. Plaintiff herein provides photojournalism goods and services and owns the rights to these images which Plaintiff licenses to online and print publications.

3. Defendant owns and operates a website known as www.lawenforcementtoday.com (the "*Website*").

4. Defendant operates a social media account on www.facebook.com known as "@law.enforcement.today" (the "*Account*").

5. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Photograph on the Website and Account, and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

6. Plaintiff Jose Alvarado is an individual who is a citizen of the State of New York and maintains a principal place of business in Yorktown Heights in Westchester County, New

York.

7.    Upon information and belief, Defendant Law Enforcement Today, LLC, is a Florida limited liability company with a principal place of business at 20423 State Road 7, Boca Raton in Palm Beach County, Florida and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9.    This Court has personal jurisdiction over Law Enforcement Today, LLC because it maintains its principal place of business in Florida.

10.   Venue is proper under 28 U.S.C. §1391(a)(2) because Law Enforcement Today, LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

11.   Plaintiff is a professional photographer by trade who is the legal and rightful owner of photographs which Plaintiff licenses to online and print publications.

12.   Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

13.   Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14.   Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

15.   Defendant is the operator of the Account and is responsible for its content.

16.   The Account is a popular and lucrative commercial enterprise.

17.   Defendant uses the Account to promote traffic to Defendant's website for which it receives advertising revenue, and, upon information and belief, Defendant profits from these

activities.

18. Defendant is the registered owner of the Website and is responsible for its content.

19. Defendant is the operator of the Website and is responsible for its content.

20. The Website is a popular and lucrative commercial enterprise.

21. In 2017, Plaintiff authored a photograph of Alexandria Ocasio Cortez at a Black Lives Matter demonstration in Harlem, New York (the "*Photograph*") which was first published in 2018. A copy of the Photograph is attached hereto as Exhibit 1.

22. Plaintiff applied to the USCO to register the Photograph on or about September 10, 2018, under Application No. 1-6938254071.

23. The Photograph was registered by the USCO on September 10, 2018, under Registration No. VA 2-118-599.

24. On April 29, 2022, Plaintiff observed the Photograph on the Website in a story dated May 19, 2020. A copy of screengrab of Website including the Photograph is attached hereto as Exhibit 2.

25. The Photograph was displayed at URL: https://www.lawenforcementtoday.com/aoc-contesting-warrant-for-back-taxes-still-wants-others-to-pay-higher-taxes/?fbclid=IwAR3R2hMifGgOlYxbU9qVwcC0PRJg1r9f_0pO7YBkcyudM0h_krIU7oTigGI, and was stored at URL: https://www.lawenforcementtoday.com/wp-content/uploads/2019/03/Screenshot-2019-03-27-09.18.35-e1553692741676.png.

26. On April 29, 2022, Plaintiff further observed the Photograph on the Account in a post dated May 19, 2020. A copy of screengrab of Account including the Photograph is attached hereto as Exhibit 2.

27. The Photograph was displayed at URL: https://www.facebook.com/page/181135410243/search/?q=ocasio-cortez%20contesting.

28. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff copyright protected Photograph as is set forth in Exhibit

"1" on the Website and Account.

29. Upon information and belief, the Photograph was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

30. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146, 1160 (9th Cir. 2007).

31. The Infringement is a partially cropped copy of Plaintiff's original image that was directly copied and stored by Defendant on the Website and Account.

32. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website and Account, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

33. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website and Account by actively reviewing and revising each and every submission to be posted on its Website and Account.

34. Upon information and belief, Defendant directly contributes to the content posted on the Website and Account by, inter alia, directly employing reporters, authors and editors as its agents, including but not limited to Gregory Hoyt who is listed on the Website as an "author" ("*Employees*").

35. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringement.

36. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringement.

37. Upon information and belief, the Photograph was willfully and volitionally posted

to the Website and Account by Defendant.

38. Upon information and belief, Defendant is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

39. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

40. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and Account and exercised and/or had the right and ability to exercise such right.

41. Upon information and belief, Defendant monitors the content on its Website and Account.

42. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

43. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website and Account. Specifically, Defendant has over one million followers across all of its social media accounts, including approximately 850,000 followers on Facebook.

44. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

45. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

46. Prior to commencement of this action, Plaintiff notified Defendant, through prior counsel, of Plaintiff's infringement claim. However, the parties were unable to resolve the matter pre-litigation.

47. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

48. Plaintiff repeats and incorporates by reference the allegations contained in the

preceding paragraphs, as though set forth in full herein.

49. The Photograph is an original, creative work in which Plaintiff owns a valid copyright properly registered with the United States Copyright Office.

50. Plaintiff has not licensed Defendant the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

51. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

52. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

53. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the infringing article on the Website and the infringing post on the Account.

54. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for the infringement pursuant to 17 U.S.C. § 504(c).

55. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

56. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled

to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
### (Falsification, Removal and Alteration of Copyright Management Information 17 U.S.C. § 1202)

57.  Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

58.  Upon information and belief, Defendant knew that Plaintiff created and held rights to the Photograph because *inter alia*, the source of the Photograph that Defendant used to make its infringing copy specifically attributed the Photograph to Plaintiff by photo credit.

59.  Upon information and belief, in its article on the Website and post on the Account, Defendant copied the Photograph from "AOC Facebook", or the Facebook social media account of Alexandria Ocasio Cortez at URL: https://www.facebook.com/OcasioCortez/photos/pb.100044177872343.-2207520000./1554267477997264/?type=3, which contained an explicit photograph credit in the caption with a camera emoji stating "@josealvarado", the owner and author of the Photograph. A copy of the photograph source is annexed hereto as Exhibit 3.

60.  The photograph credit is copyright management information.

61.  Upon information and belief, Defendant intentionally removed copyright management information related to the Photograph with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act. Specifically, Defendant purposefully failed to include the photo credit originally conveyed with the Photograph in order to mislead the public into believing that Defendant either owned the Photograph or had legitimately licensed them for use in the Infringement.

62.  In addition, Defendant displayed the unauthorized copies of the Photograph knowing the copyright management information had been removed.

63.  Defendant's conduct violates 17 U.S.C. § 1202(a) and 1202(b).

64.  Upon information and belief, Defendant's falsification, removal and/or alteration of

the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

65. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendant intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Defendant also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

66. Plaintiff has sustained significant injury and monetary damages as a result of Defendant's wrongful acts as hereinabove alleged, and as a result of being involuntarily associated with Defendant in an amount to be proven.

67. As a result of Defendant's violations of Title 17 of the U.S. Code, pursuant to 17 U.S.C. § 1203(c)(2), Plaintiff is entitled to an award of the actual damages suffered as a result of the violation including any profits of the Defendant attributable to the violation or, alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) for each violation of 17 U.S.C. § 1202.

68. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 1203(b)(4) and (5) from Defendants.

**JURY DEMAND**

69. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. finding that Defendant infringed upon Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for the infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an award of actual damages or, in the alternative, statutory damages against each Defendant for each falsification or removal of copyright management information pursuant to 17 U.S.C. § 1202;

d. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

e. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505; and/or 17 U.S.C. §1203(b)(4) and (5);

f. for pre judgment interest as permitted by law; and

g. for any other relief the Court deems just and proper.

DATED: January 9, 2023

**SANDERS LAW GROUP**

By: */s/ Craig B. Sanders*
Craig B. Sanders, Esq. (Fla. Bar No. 985686)
333 Earle Ovington Blvd., Suite 402
Uniondale, NY 11556
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 123874

*Attorneys for Plaintiff*